# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Beverley D. Wilson,<br><br>Debtor(s). | C/A No. 10-01218-HB<br><br>Adv. Pro. No. 14-80054-HB<br><br>Chapter 11 |
| Beverley D. Wilson,<br><br>Plaintiff(s),<br><br>v.<br><br>Jason T. Moss<br>Moss and Associates PA,<br><br>Defendant(s). | **ORDER DENYING MOTION TO CONTINUE TRIAL** |

**THIS MATTER** is before the Court on Plaintiff Beverley D. Wilson's written[1] and oral Motion to Continue (collectively "Motion") the trial scheduled for April 22, 2015. After considering the arguments and record presented in support of the Motion, the Court made an oral ruling on the record denying the Motion. This Order is entered to further supplement that decision.

This legal malpractice lawsuit has been pending for approximately seventeen months, and has been before this Court (after removal from state court and referral from the U.S. District Court) for nearly a year. It involves events that occurred from 2009 to 2011. Discovery was completed on August 25, 2014, after extensions were granted. Plaintiff recognized in her pretrial filings in December 2014 that expert testimony is generally necessary at trial to establish the standard of care in a legal malpractice case. The parties

---

[1] Docket No. 102.

agreed to a trial date at the February 13, 2015 pretrial hearing.[2] Prior to that pretrial hearing, the parties filed and exchanged witness lists, filed pretrial briefs, delivered trial exhibits to the Court, and reported that they were ready for trial.[3] At the February pretrial hearing, the parties were invited to discuss any matters that needed to be addressed prior to trial. The parties stated that they anticipated the trial would last for approximately three to four days or more, and the Court's calendar was cleared to accommodate this proposed schedule.

More than two months later, on the agreed trial date as the 10:00 a.m. trial was scheduled to begin, Plaintiff delivered her written Motion to the Clerk of Court clocked in at 9:55 a.m. This document was not available to Defendants, Defendants' counsel, or the Court until Plaintiff delivered a copy of the written Motion to the relevant parties in the courtroom after the matter was called for trial. The Motion stated that Plaintiff needed additional time because she had not been able to secure the attendance of an expert witness at the trial. She stated:

> . . . it was not feasible for Plaintiff to fully replenish her legal expert's retainer prior to this trial. Plaintiff's legal expert does not enter into payment arrangements regarding his retainer fees and has regrettably informed Plaintiff that he will not be able to meaningfully contribute to her case until this this matter is resolved. Plaintiff is attempting to resolve this matter as expeditiously as possible and begs the Court's pardon and Motions for a brief continuation following completion of jury selection.[4]

---

[2] Docket No. 98.

[3] *See* Docket Nos. 88, 92 – 95, 97 (filed in Dec. 2014). Pretrial matters were completed prior to the February 13, 2015 pretrial hearing after Plaintiff was granted several extensions of time. *See* Docket Nos. 7 (entered Jun. 10, 2014), 10 (entered Jun. 27, 2014), 31 (entered Aug. 27, 2014), 67 (entered Oct. 15, 2014), and 86 (entered Nov. 25, 2014).

[4] Plaintiff's case was initiated in the Court of Common Pleas for the State of South Carolina by the filing of a complaint on November 26, 2013. The matter was then removed to the U.S. District Court by Defendants on December 20, 2013. Thereafter, the District Court referred the matter to the U.S. Bankruptcy Court by order dated May 16, 2014, transmitting a copy of the Civil Docket and lengthy contents of the file, entered on this Court's docket on May 20, 2014. *See* Docket No. 1.

Defendants made an oral objection to Plaintiff's Motion and advised the Court that they had prepared for the trial, had witnesses and arguments ready, and were ready to proceed with the trial that day.[5]

Shortly before trial, Plaintiff requested the issuance of subpoenas from the Clerk of Court, issued on April 10, 2015, and Plaintiff caused the subpoenas to be served between that time and April 19, 2015. As a result, seven non-party witnesses were present at the Court at 10:00 a.m. on April 22, 2015, in compliance with these subpoenas.[6]

From Plaintiff's comments and the content of her Motion, it appears she had reason to believe that the appearance of her expert at trial was problematic far in advance of the trial. Further, she clearly stated that she was aware one or two days before the trial that the expert's attendance at trial was unlikely. Plaintiff stated that she believed her expert *may* be available on April 23, 2015, or the following day. From her statements, the Court was not convinced that Plaintiff had made sufficient arrangements for the appearance of the expert witness at any time, and Plaintiff provided no evidentiary support for her claims that his attendance was imminent.

Thereafter, Plaintiff verbally added that she needed additional time to consult with counsel, although she does not have counsel in this proceeding at this time. She further

---

[5] *See Plaintiff's Pretrial Memo.*, Docket No. 88 (filed Dec. 15, 2014). Defendants pointed out that Plaintiff failed to list an expert witness in her Pre-Trial Memorandum, which included her list of witnesses to be called at the trial. Defendants noted that they would object to the allowance of the expert's testimony because it would be prejudicial to Defendants, who prepared their case strategy assuming no expert would testify on behalf of Plaintiff. Plaintiff's pretrial memorandum was filed in response to the Court's Order entered on October 15, 2014, which required the parties to file a list of witnesses to be called at trial. (Docket No. 67). The expert was previously identified by Plaintiff in the filing of a *Written Report* on July 29, 2014. (Docket No. 14). However, she failed to indicate thereafter that he would testify at trial. The Court reserved the issue as to whether the Plaintiff's expert would be allowed to testify until he was called to testify at trial. Plaintiff's failure to list the witness carried no weight when considering this Motion to Continue.

[6] The following witnesses were present at trial in compliance with the subpoenas and were excused following Plaintiff's refusal to present her case in chief: Stephen P. Williams, Jane P. Ruschky, Jeremy Kittrell, Lisa Bolton, Jack Rash, Perry Mathis, and Gail Dorroh.

requested additional time to file a written motion for recusal of the judge assigned to the case, and to pursue a demand for a jury trial. Plaintiff also argued that she had been misled by the Court regarding the method for requesting a jury trial, but declined to make an evidentiary record to support these allegations.

"A motion for a continuance is within the [trial] court's discretion[.]" *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 722 (E.D. Va. 2008) *aff'd sub nom. Berry v. Locke*, 331 F. App'x 237 (4th Cir. 2009) (citing *United States v. Speed,* 53 F.3d 643, 644 (4th Cir. 1995)). After considering the procedural history, Plaintiff's Motion and her arguments, Defendants' objections, the inconvenience to the third parties present in the courtroom, the timing of Plaintiff's request, and the disruption and delay that would result from failing to proceed with the scheduled trial, the Court found at trial that Plaintiff failed to show good cause for her untimely Motion and did not present just cause for further delay of these proceedings.

Therefore, the Motion to Continue was **DENIED** on the record at trial and Plaintiff was instructed to proceed with the presentation of her case.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**04/27/2015**



US Bankruptcy Judge
District of South Carolina

Entered: 04/27/2015

4