**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Beverley D. Wilson,<br><br>Debtor(s). | C/A No. 10-01218-HB<br><br>Adv. Pro. No. 14-80054-HB<br><br>Chapter 11 |
| Beverley D. Wilson,<br><br>Plaintiff(s),<br><br>v.<br><br>Jason T. Moss<br>Moss and Associates PA,<br><br>Defendant(s). | **ORDER DENYING ORAL MOTION FOR JURY TRIAL MADE ON THE DAY OF TRIAL** |

**THIS MATTER** is before the Court on Plaintiff Beverley D. Wilson's ("Plaintiff") oral Motion for Jury Trial ("Motion") made after the case was called for a bench trial. After considering the arguments and record presented in support of the Motion, the Court made an oral ruling on the record denying the Motion. This Order is entered to further supplement that decision.

## FACTS

On November 23, 2013, Plaintiff filed a legal malpractice action against Defendants Jason T. Moss and Moss and Associates PA ("Defendants") in the Richland County Court of Common Pleas, asserting Defendants' actions and omissions during their legal representation of Plaintiff in her bankruptcy proceedings in this Court constitute legal malpractice and resulted in the dismissal of Plaintiff's bankruptcy case (the "State Court Complaint"). Plaintiff's State Court Complaint did not include a demand for a jury trial.[1]

---

[1] *See* Ex. A., *Notice of Removal* (Docket No. 1-1, 3:13-cv-03567-MBS, filed Dec. 20, 2013).

On December 20, 2013, Defendants removed the action to the U.S. District Court on the grounds that this matter constitutes a core proceeding arising under Title 11 of the United States Bankruptcy Code over which the U.S. District Court has original jurisdiction.[2] *See* 28 U.S.C. § 1334(b). On December 26, 2013, Defendants filed their Answers to Interrogatories in the District Court pursuant to Local Rule 26.01, D.S.C., which specifically requires each party "[a]s to each claim, state whether it should be tried jury or nonjury and why."[3] Defendants' response to this Interrogatory stated "[t]he claim should not be tried with a jury, it should be referred to Federal Bankruptcy Court."[4] Plaintiff did not comply with Rule 26.01, which included the aforementioned opportunity to state whether she believed her case should be tried by a jury in the U.S. District Court.[5]

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to a United States Magistrate Judge for pretrial matters. On January 10, 2014, the Magistrate Judge filed a Report and Recommendation in which she noted that Local Civil Rule 83.IX.01, D.S.C., grants authority to the U.S. District Court to refer proceedings arising or related to Title 11 to a bankruptcy judge.[6] Accordingly, the Magistrate Judge recommended that the U.S. District Court refer this matter to this Bankruptcy Court. Plaintiff filed a *Notice of Objection to Report and Recommendation* on January 27, 2014 (the "Objection"). The Objection included numerous arguments against referral of the case to the Bankruptcy Court, including the following sentence: "Plaintiff emphasized that the allegations alleged in her Complaint are numerous and

---

[2] *Notice of Removal* (Docket No. 1, 3:13-cv-03567-MBS, filed Dec. 20, 2013).
[3] Local Rule 26.01(B), D.S.C.
[4] Docket No. 5, 3:13-cv-03567-MBS, filed Dec. 26, 2013.
[5] Pursuant to this local rule, Plaintiff was to file her Answers to Rule 26.01 Interrogatories "no later than fourteen (14) days after service of the notice of removal." Rule 26.01, D.S.C.
[6] *Report & Recommendation* (Docket No. 12, 3:13-cv-03567-MBS, filed Jan. 10, 2014).

complex and requests a jury trial."[7]  This was the first and only time Plaintiff mentioned a jury trial in her filings with the U.S. District Court.

On May 16, 2014, after considering Plaintiff's arguments and Objection, the U.S. District Court issued an order that overruled Plaintiff's Objection, adopted the Magistrate Judge's Report and Recommendation and referred this case in its entirety to this Court.[8]  The District Court's order noted that it has jurisdiction over this malpractice claim pursuant to 28 U.S.C. § 1334(b)[9] and concluded that "a bankruptcy judge is in a better position, in the first instance, to review and ascertain the merits of Plaintiff's allegations."[10]  When the case was referred to this Court on May 20, 2014, the civil docket sheet from the District Court's transmittal states "Jury Demand: None."[11]

On October 30, 2014, Plaintiff filed a Revised Proposed Amended Complaint in this Court. That document did not include a jury demand or otherwise mention a jury.[12]

Discovery was completed on August 25, 2014, after extensions were granted.  Defendants filed their pretrial brief on December 3, 2014.[13]  Plaintiff filed her pretrial brief and exhibit list on December 15, 2014,[14] and a typewritten version of the latter was filed on December 19, 2014.[15]  None of these documents mention or hint of a trial by jury.  The parties were directed that "[a]ny Pre-Trial Motions addressing trial procedure or scope . . . must be filed on or before January 5, 2015."[16]  Although the docket in this case indicates significant activity and numerous pretrial and court hearings, neither party filed any pretrial motions addressing the trial procedure or scope.

---

[7] *Notice of Objection to Report and Recommendation* (Docket No. 14, 3:13-cv-03567-MBS, filed Jan. 27, 2014).
[8] Docket No. 15, 3:13-cv-03567-MBS, dated May 16, 2014.
[9] *Id.* at 2 (citing *Grausz*, 321 F.3d at 471).
[10] *Id.*
[11] Docket No. 1 at 1.
[12] Docket No. 76, filed Oct. 30, 2014.
[13] Docket No. 88.
[14] Docket No. 93.
[15] Docket No. 95.
[16] Docket No. 67, entered Oct. 15, 2014.

3

When the case was called for trial before the assigned bankruptcy judge on April 22, 2015, at 10:00 a.m., Plaintiff argued that she had made a timely and proper jury demand, but was unable to call the Court's attention to portions of the record supporting this position. Plaintiff also argued that she had discussed and demanded a jury trial throughout the case on the record at various hearings before this Court. Plaintiff argued that a jury that was not "closely connected to the case" would be better able to determine the facts of her case. Plaintiff also argued that the Court had misled her or failed to properly instruct her regarding the method for requesting a jury trial. However, Plaintiff declined to testify under oath regarding the details of these allegations.

At trial, the Court and counsel for Defendants could not recall any discussion of a jury trial at the pretrial hearing held on February 13, 2015, and a subsequent review of the recording of the hearing indicates that there was no such discussion. At the February 13, 2015 pretrial hearing, the parties agreed to an April 22, 2015 trial date. Witnesses were subpoenaed and present in the courtroom on the trial date as well as Defendants, who were ready for trial.

Plaintiff has filed voluminous pleadings and documents in this case and, prior to trial, has appeared before the Court for numerous hearings on various motions and at pretrial conferences. A review of the docket in this adversary proceeding does not indicate any motion or demand for a jury trial, motion to withdraw reference for a jury trial pursuant to 28 U.S.C. § 157(d), or any similar demand. A review of relevant recordings of hearings before this Court does not indicate any discussion of a jury until the oral motion was made at trial. After a review of the hearing recordings and a search of over 100 docket entries in this case and their contents and attachments, the Court located one sentence referencing a jury. That sentence was included in an attachment to Plaintiff's compliance to the Court's *Initial Case Management Order*. That compliance document itself objected to this Court's entry of a final order after a review of *Stern v. Marshall*, 131 S. Ct.

4

2594 (2011), and the relief requested stated that Plaintiff "therefore, respectfully request[s] that the United States District Court for the District of South Carolina Columbia Division maintain its authority to review the findings of the bankruptcy court's proceedings and issue the final order in these proceedings."[17] While the document itself did not mention or demand a jury trial, Plaintiff referenced and attached a copy of the Objection filed in the U.S. District Court on January 27, 2014.[18]

## DISCUSSION

### I. WAIVER OF JURY TRIAL BEFORE THIS CASE WAS REFERRED TO THE BANKRUPTCY COURT

Plaintiff waived her right to a jury trial before the lawsuit was referred to the Bankruptcy Court. *See U.S. v. Moore*, 340 U.S. 616, 621 (1951). Plaintiff did not make an adequate and timely jury trial demand in the state court or the U.S. District Court pursuant to Fed. R. Civ. P. 38 or Fed. R. Civ. P. 81(c). Further, Plaintiff failed to pursue her request after referral to this Court until the date of the scheduled bench trial.

Rule 38 of the Federal Rules of Civil Procedure[19] provides,

On any issue triable of right by a jury, a party may demand a jury trial by:

    (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and
    (2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38(b). The Rule further provides that "[a] party waives a jury trial unless its demand is ***properly served and filed***." Fed. R. Civ. P. 38(d) (emphasis added).

In cases that have been removed from state court, Rule 81(c) provides:

---

[17] Docket No. 9-2, filed Jun. 20, 2014.
[18] Docket 9-1, filed Jun. 20, 2014.
[19] Rules 38, 39, and 81(c) of the Federal Rules of Civil Procedure are made applicable in bankruptcy court by Rule 9015 of the Federal Rules of Bankruptcy Procedure.

5

(A) *As Affected by State Law.* A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time.  The court must so order at a party's request and may so order on its own.  A party who fails to make a demand when so ordered waives a jury trial.

(B) *Under Rule 38.* If all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after:
  (i) it files a notice of removal; or
  (ii) it is served with a notice of removal filed by another party.

Fed. R. Civ. P. 81(c)(3). "Thus, ***where state law requires an express jury demand to a removed action, a party who has not made a demand prior to a removal must serve a jury demand within [fourteen] days of service of the Notice of Removal*** . . . plus an additional three days when, as here, the defendant made service of the Notice of Removal by mail." *Williams v. Food Lion, LLC*, C/A No. 3:09-CV-108, 2009 WL 1809993, at *2 (E.D. Va. June 23, 2009) (emphasis added) (citations omitted).

Rule 38 of the South Carolina Rules of Civil Procedure reveals that the state rule governing demands for jury trials is virtually identical to the federal rule requiring a party to demand a jury trial or waive that right. *See* Rule 38, SCRCP (providing that a party's failure to demand a trial by jury of an issue triable of right by a jury within ten days after service of the last pleading directed to such issue constitutes a waiver of him of trial by jury).  Plaintiff's State Court Complaint did not include a jury trial demand.  The Notice of Removal was filed and served upon Plaintiff via mail on December 20, 2013.  Therefore, pursuant to Rule 81(c)(3), Plaintiff had until January 8, 2014, to make a timely demand for a jury trial in the U.S. District Court.[20]  Plaintiff failed to do

---

[20] This calculation takes into consideration the fourteen (14) days set forth in Rule 81(c) and three (3) additional days due to service by mail pursuant to Rule 6(d) of the Federal Rules of Civil Procedure.

so. Thereafter, the U.S. District Court overruled her Objection to the Magistrate Judge's Report and Recommendation and referred this case to this Court.

## II. FAILURE TO PURSUE ANY JURY DEMAND BEFORE TRIAL

"[J]ury trials before the bankruptcy court are exceedingly rare . . . ." *In re British Am. Ins. Co. Ltd.*, 488 B.R. 205, 221 n.13 (Bankr. S.D. Fla. 2013); *see also In re Gold & Honey, Ltd.*, 410 B.R. 357, 360 (Bankr. E.D.N.Y. 2009) (noting that "jury trials in bankruptcy courts are quite rare . . . ."). However, pursuant to 28 U.S.C. § 157(e), "[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." In Local Rule 83.IX.04, D.S.C., the District Court specially designated this Court to conduct jury trials pursuant to 28 U.S.C. § 157(e). Thus, this Court may only conduct a jury trial if both parties consent.[21] If the parties do not consent, then the party demanding a jury trial may file a motion to withdraw the U.S. District Court's reference of the matter to the Bankruptcy Court. 28 U.S.C. § 157(d).

Once referred to this Court, if any right to jury trial existed, Plaintiff did not follow through. Plaintiff did not obtain Defendants' consent to a jury trial or demand to withdraw the reference from this Court and return to the U.S. District Court for the purpose of a jury trial.

Although Plaintiff is not represented by counsel, as the docket reflects, she has assertively and effectively voiced her positions during this case in all courts involved and throughout pretrial hearings. Plaintiff commanded the undersigned's attention to a considerable number of pretrial matters, but at every pretrial opportunity she failed to make a formal jury demand or to even discuss a jury trial with opposing counsel and the Court.

---

[21] The recent cases of *Stern v. Marshall*, 131 S. Ct. 2594 (2011), and/or *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2166, 189 L. Ed. 2d 83 (2014), may impact this designation.

### III. ORAL MOTION FOR JURY TRIAL MADE AT BENCH TRIAL

Plaintiff made an oral Motion for Jury Trial when this matter was called for trial on April 22, 2015. Rule 39(b) states that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). "[T]he decision to grant a jury trial pursuant to Rule 39(b) is committed to the discretion of the trial court . . . ." *Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 940 (4th Cir. 1980). Factors to be considered in deciding whether to grant a motion for jury trial under Rule 39(b) include:

> (1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion (early or late in the proceedings); [and] (4) any effect a jury trial would have on the court's docket and the orderly administration of justice.

*Helena Chem. Co. v. Huggins*, C/A No. 4:06-02583-RBH, 2008 WL 5430790, at *1 (D.S.C. Dec. 31, 2008) (citing *Malbon*, 636 F.2d at 941). Courts may also take into consideration "the justifiability of the delay in requesting a jury trial." *Kelly v. Sentara*, C/A No. 2:11-CV-672, 2012 WL 4340849, at *2 (E.D. Va. Sept. 20, 2012).

First, based on the Amended Complaint and Answer, it is not clear whether the decisive issues in this case are primarily questions of fact or questions of law. However, the U.S. District Court determined that the legal malpractice cause of action asserted by Plaintiff should be referred to this Court due to its expertise in bankruptcy matters. The U.S. District Court recognized that the issues may be complex and may require special expertise. Therefore, the first factor is either neutral or weighs against Plaintiff.

Second, a change from bench trial to jury trial at this stage— the day the case was scheduled for trial—would obviously cause prejudice to Defendants by waste of time, added expense and

inconvenience to schedule. Defendants were present and prepared to move forward with a bench trial and had not been adequately made aware of Plaintiff's intentions to have a jury trial and had not consented to a jury trial in this Court. The second factor weighs against Plaintiff.

Third, an oral motion asserted on the day that the three-day trial was to begin, and more than two months after the pretrial conference where the parties were invited to discuss any matters that needed to be addressed prior to trial, is untimely. *See Malbon,* 636 F.2d at 938–39 (finding jury trial request as untimely when it was raised less than one month after removal). The third factor also weighs against Plaintiff.

Fourth, granting Plaintiff's Rule 39(b) motion would significantly affect the Court's docket and the orderly administration of justice. The time for trial had been reserved for months, the issues had been narrowed, and the parties—including numerous subpoenaed witnesses—were present in the courtroom and ready for trial when the oral motion was made. Granting the Motion would cause significant delay and inconvenience to all involved and would disrupt the Court's scheduling. The fourth factor also weighs against Plaintiff.

Finally, the only justifications offered for Plaintiff's delay in requesting a jury trial were her ignorance of the law as a *pro se* litigant and her claims that she was misled by the Court or failed to receive sufficient assistance in properly demanding a jury trial. The Court must keep in mind that *pro se* litigants are "subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Moreover, the trial court's "discretion under Rule 39(b) is narrow and 'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence' such as a good faith mistake of law with respect to the deadline for demanding a jury trial." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002) (quoting *Pac.*

9

*Fisheries Corp. v. HIH Cas. & Gen. Ins. Ltd.*, 239 F.3d 1000, 1002-03 (9th Cir.), *cert denied* 534 U.S. 944, 122 S. Ct. 324, 151 L.Ed.2d 242 (2001)). Plaintiff's *pro* se status "establishes no more than inadvertence, which is not sufficient basis to grant relief from an untimely jury demand." *Id.*; *see also Galella v. Onassis*, 487 F.2d 986, 996 (2d Cir. 1973) (holding that untimely jury requests "must be denied unless some cause beyond mere inadvertence is shown."); *Gelardi v. Transamerica Occidental Life Ins. Co.*, 163 F.R.D. 495, 496 (E.D. Va. 1995) (noting that "[t]his court has repeatedly refused to exercise its discretion to grant relief under Rule 39(b) when the only explanation offered for the waiver is inadvertence.").

Additionally, Plaintiff declined to make an evidentiary record to support her allegations that she had been misled by the Court regarding the method for requesting a jury trial. Accordingly, the Court finds this justification for Plaintiff's delay feeble and lacking credibility. The fifth factor also weighs against Plaintiff.

## CONCLUSION

Plaintiff waived her right to a jury trial before this matter was referred to the Bankruptcy Court. Further, the five factors considered for a Rule 39(b) motion weigh against Plaintiff and, therefore, the oral Motion for Jury Trial was **DENIED** on the record at trial and Plaintiff was instructed to proceed with the presentation of her case.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**04/27/2015**



US Bankruptcy Judge
District of South Carolina

Entered: 04/27/2015