# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Beverley D. Wilson,<br><br>Debtor(s).<br><br>Beverley D. Wilson,<br><br>Plaintiff(s),<br><br>v.<br><br>Jason T. Moss<br>Moss and Associates PA,<br><br>Defendant(s). | C/A No. 10-01218-HB<br><br>Adv. Pro. No. 14-80054-HB<br><br>Chapter 11<br><br>**ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE** |

**THIS MATTER** is before the United States Bankruptcy Court for the District of South Carolina ("Bankruptcy Court") for consideration of Defendants Jason T. Moss' and Moss and Associates, PA's oral Motion to Dismiss Plaintiff's case for failure to prosecute at the trial held on April 22, 2015 ("Motion"). For the reasons set forth herein and based on the facts and proceedings available in the record for this case, the Motion is granted.

## FINDINGS OF FACT[1]

1.  On July 20, 2009, Plaintiff filed a voluntary petition for bankruptcy relief in the Bankruptcy Court under Chapter 13 of the Bankruptcy Code. This case was assigned Case No. 09-05309 and was pending before the Honorable David R. Duncan (the "First Bankruptcy Case").

2.  Plaintiff's attorney of record in the First Bankruptcy Case was Jane S. Ruschky of Moss and Associates, PA.

---

[1] To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent that any of the following conclusions of law constitute findings of fact, they are so adopted.

3. The First Bankruptcy Case was dismissed on October 19, 2009.[2]

4. On February 23, 2010, Plaintiff filed a voluntary petition for relief in the Bankruptcy Court under Chapter 13 of the Bankruptcy Code. Case No. 10-01218 was assigned to the Honorable John E. Waites (the "Second Bankruptcy Case").

5. On June 10, 2010, the Second Bankruptcy Case was converted to a case under Chapter 11 of the Bankruptcy Code and, as a result, was reassigned to the current judge.[3]

6. Plaintiff sought employment of Defendants as Chapter 11 debtor's counsel in her Second Bankruptcy Case, and the Bankruptcy Court approved Defendants' employment without objection by order entered on June 23, 2010.[4]

7. On December 1, 2010, the Bankruptcy Court entered an order dismissing Plaintiff's Second Bankruptcy Case.[5]

8. On November 26, 2013, Plaintiff filed a lawsuit against Defendants in the South Carolina State Court, Richland County Court of Common Pleas, alleging legal malpractice by Defendants during their representation of Plaintiff in her First Bankruptcy Case and Second Bankruptcy Case and related events thereafter.

9. On December 20, 2013, Defendants removed the action to the United States District Court ("District Court") on the grounds that this matter constitutes a core proceeding arising under Title 11 of the United States Bankruptcy Code over which the District Court has original jurisdiction.[6] *See* 28 U.S.C. § 1334(b).

---

[2] Docket No. 25, C/A No. 09-05309-dd, entered Oct. 19, 2009.
[3] Docket No. 45, C/A No. 10-01218-hb, entered June 10, 2010.
[4] Docket No. 52, C/A No. 10-01218-hb, entered June 23, 2010.
[5] Docket No. 80, C/A No. 10-01218-hb, entered Dec. 1, 2010.
[6] Docket No. 1, 3:13-cv-03567-MBS, filed Dec. 20, 2013.

10. On May 16, 2014, the District Court issued an order referring this case to the Bankruptcy Court.[7]

11. The District Court found that the Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) and Local Civil Rule 83.IX.01, D.S.C.

12. The District Court found that this lawsuit is a core proceeding. 28 U.S.C. § 157(b).

13. The Bankruptcy Court has the authority to enter a final order in this proceeding subject to appellate review under 28 U.S.C. § 158. 28 U.S.C. § 157(b)(1).

14. Defendants consented to entry of a final order by the Bankruptcy Court.

15. Plaintiff did not consent to entry of a final order by the Bankruptcy Court.

16. Plaintiff has requested numerous extensions of time and has failed to meet applicable deadlines. *See Notice of Motion to Amend Scheduling Order & Adversarial Management Meeting* (Docket No. 5, filed Jun. 3, 2014); *Request for Continuance for Submission of Certifying Documents for Expert Witness* (Docket No. 12, filed Jul. 29, 2014); *Motion for Continuance for August 25, 2014 Hearing for Extension of Time to Obtain Expert Legal Witness and Present Certifying Documents for Legal Witness* (Docket No. 24, filed Aug. 19, 2015); *Response to Defendant's Notice of Plaintiff's Failure to Timely File Discovery Requests and Motion to Compel Defendants to Comply with Plaintiff's First Set of Interrogatories for Defendants and Plaintiff's First Request for Production of Documents to Defendants* (Docket No. 33, filed Aug. 28, 2014); *Order re: Response filed by Plaintiff* (Docket No. 41, filed Sept. 11, 2014) (finding that Plaintiff failed to timely serve her discovery requests and holding that Defendants were not required to answer or respond to such requests); *Plaintiff's Motion for*

---

[7] Docket No. 15, 3:13-cv-03567-MBS, dated May 16, 2014 (adopting the Magistrate Judge's Report and Recommendation that the District Court refer this matter to the Bankruptcy Court pursuant to Local Civil Rule 83.IX.01, D.S.C.).

*Extension of Time to Respond to Defendant's Motion for Summary Judgment and to Dismiss* (Docket No. 49, filed Sept. 26, 2014); *Motions for: (1) the Honorable Judge Helen E. Burris to Recuse Herself from this Case and Adversarial Proceedings; (2) Reconsideration of Plaintiff's Motion to Compel Defendants to Respond to Plaintiff's First Set of Interrogatories and First Request for Production of Documents; and (3) Leave of Court to Amend Complaint* (Docket No. 53, filed Oct. 1, 2014); *Motion and Memorandum for Request for Extension of Time to Revise Proposed Amended Complaint* (Docket No. 77, filed Oct. 30, 2014); *see also* C/A No. 3:13-cv-03567-MBS (Plaintiff failed to file any Local Rule 26.01 Answers to Interrogatories in accordance with Local Rule 26.01, D.S.C.).

17. Discovery was completed on August 25, 2014.

18. Pretrial matters were completed after Plaintiff was granted several extensions of time.[8]

19. By December 2014, the parties had filed and exchanged witness lists, filed pretrial briefs, delivered trial exhibits to the Bankruptcy Court, and reported that they were ready for trial.[9]

20. A final pretrial hearing was held on February 13, 2015.

21. Plaintiff and counsel for Defendants were present at the pretrial hearing, discussed any necessary pretrial matters with the Bankruptcy Court, agreed to a trial date, and stated that they anticipated the trial would last approximately three to four days or more.

---

[8] *See* Docket No. 10, entered June 27, 2014; Docket No. 31, entered Aug. 27, 2014; Docket No. 67, entered Oct. 15, 2014; and Docket No. 86, entered Nov. 25, 2014.

[9] *See* Docket No. 88, filed Dec. 3, 2014 (Defendants' pretrial brief); Docket No. 92, filed Dec. 15, 2014 (Plaintiff's pretrial brief, which did not include an expert witness on the witness list contained therein); Docket No. 93, filed Dec. 15, 2014 (Plaintiff's witness list); Docket No. 95, filed Dec. 19, 2014 (typewritten version of Plaintiff's witness list); and Docket No. 97, filed Dec. 22, 2014 (Plaintiff's correspondence and certificate of service confirming delivery of exhibits and list of exhibits).

22. The trial was scheduled to be conducted before the assigned bankruptcy judge on April 22, 2015, at 10:00 a.m. (the "Trial Date") and due notice was given.[10]

23. Plaintiff served subpoenas on various parties between their issuance on April 10, 2015, and April 19, 2015.

24. Seven non-party witnesses were present at the Bankruptcy Court on the Trial Date in compliance with Plaintiff's subpoenas.[11]

25. On the Trial Date, Plaintiff made a variety of motions that, if granted, would have delayed the trial.

26. Plaintiff's motions were denied by oral decision stated on the record with Plaintiff and Defendants present.[12]

27. The assigned judge instructed the parties to proceed with trial.

28. Defendants were prepared to move forward with their defense.

29. The assigned judge asked Plaintiff several times on the record if she intended to proceed with her case. Plaintiff's responses included:

   a. "I don't have any intentions of proceeding with a trial today."

   b. "[It is] not my desire to begin a trial proceeding here because it's been done unfairly."

   c. "Under no circumstances do I wish to be reviewed as having agreed to open these proceedings as far as the trial."

---

[10] Docket No. 99.
[11] The following witnesses were present at trial in compliance with the subpoenas and were excused following Plaintiff's refusal to present her case in chief: Stephen P. Williams, Jane P. Ruschky, Jeremy Kittrell, Lisa Bolton, Jack Rash, Perry Mathis, and Gail Dorroh.
[12] After oral rulings from the bench, supplemental orders were issued regarding the Court's decisions. *See Order Denying Motion to Continue Trial* (Docket No. 107, entered Apr. 27, 2015); *Order Denying Oral Motion for Jury Trial Made on the Day of Trial* (Docket No. 108, entered Apr. 27, 2015); and *Order Denying Oral Motion for Recusal Made on the Day of Trial* (Docket No. 109, entered Apr. 27, 2015).

5

      d. Plaintiff referred to the Bankruptcy Court as a "kangaroo court."

30. Plaintiff refused to proceed with the prosecution of her case.

31. After Plaintiff's refusal to proceed and with Plaintiff present in the courtroom, Defendants made an oral Motion to Dismiss for failure to prosecute and the matter was taken under advisement.

DISCUSSION AND CONCLUSIONS OF LAW

**I.    JURISDICTION**

Plaintiff has not consented to entry of a final order by the Bankruptcy Court, but has failed to present sufficient grounds or authority for her refusal. As the District Court found, jurisdiction for this proceeding before the Bankruptcy Court is premised upon 28 U.S.C. §§ 1334 and 157(a) and Local Civil Rule 83.IX.01, D.S.C.[13] Venue is proper pursuant to 28 U.S.C. § 1409. The District Court also found that this adversary proceeding is a core proceeding.[14] 28 U.S.C. § 157(b); *Grausz v. Englander*, 321 F.3d 467, 475 (4th Cir. 2003) ("An adversary proceeding brought by a debtor to assert a malpractice claim against his bankruptcy lawyer is a case that falls within a bankruptcy court's core jurisdiction under 28 U.S.C. § 157."). Therefore, pursuant to 28 U.S.C. § 157(b)(1), the Bankruptcy Court has the authority to enter a final order in this proceeding subject to review under 28 U.S.C. § 158.[15]

---

[13] Docket No. 12 at 2, 3:13-cv-03567-MBS, filed Jan. 10, 2014 (adopted by order from the District Court, *see* Docket No. 15, 3:13-cv-03567-MBS, dated May 16, 2014).
[14] *Id.*
[15] If warranted "[t]he district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concludes that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution." *In re Standing Order Concerning Title 11 Proceedings Referred Under Local Civil Rule 83.IX.01, Referral to Bankruptcy Judges*, Misc. No. 3:13-mc-00471-TLW (D.S.C. Dec. 5, 2013).

II. **DISMISSAL PURSUANT TO RULE 41**

Rule 41 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7041 of the Federal Rules of Bankruptcy Procedure, states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Such dismissal is treated as an adjudication on the merits, unless the dismissal order states otherwise. *Id.* Whether the Court dismisses an action for Plaintiff's failure to prosecute with reasonable diligence is within the court's sound judicial discretion. *Timmons v. United States*, 194 F.2d 357, 359 (4th Cir. 1952).

A ruling resulting in a dismissal is "a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). If Plaintiff fails to prosecute or comply with rules or court orders, a court must balance the considerations of sound judicial administration against this policy of deciding cases on the merits by applying the following four criteria:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Id.*; *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976) ("In deciding whether a case should be dismissed, a district court must consider conflicting policies: against the power to prevent delays must be weighed the sound public policy of deciding cases on their merits." (internal quotations omitted)).

"A *pro se* litigant is not held to the same high standards as a member of the Bar. Nevertheless, [s]he must meet certain standards. Among these are a good faith attempt to comply with the rules of discovery and to be present for trial." *Pack v. S.C. Wildlife & Marine Res. Dep't*,

7

92 F.R.D. 22, 25 (D.S.C. 1981) (internal citations omitted). "[T]he duty to prosecute this case must still be borne by [the *pro se*] Plaintiff." *Galvez v. Horry Cnty.*, No. 4:10-CV-03165-RBH, 2012 WL 1790311, at *3 (D.S.C. May 17, 2012).

The parties, the witnesses, and the Bankruptcy Court were ready to proceed with the trial on the agreed upon Trial Date, but Plaintiff refused to present her case. This refusal followed adverse rulings. Thus, Plaintiff is responsible for failing to prosecute her case on the merits. Plaintiff had an opportunity to present the merits, receive a ruling, and thereafter appeal any decisions, yet she refused to proceed. Therefore, the first factor weighs in favor of Defendants.

Second, this case has been pending for approximately seventeen months and has been before the Bankruptcy Court for nearly a year. Defendants appeared on the scheduled Trial Date and were prepared to proceed with the defense of this case. Further delay of this matter would result in a waste time, the need for further preparation, and a change in the parties' schedules. Any further delay of the proceedings would prejudice the Defendants. The second factor also weighs in favor of Defendants.

Third, the Bankruptcy Court's record reflects numerous instances of undue delay in pretrial matters at the request of Plaintiff as well as a failure to meet applicable deadlines. Plaintiff presented additional, untimely motions and requests at the trial. Plaintiff's last-minute requests on the Trial Date, which would further delay the adjudication of this matter, and refusal to present her case are consistent with her history of proceeding in a dilatory fashion in this case. This factor also weighs in favor of Defendants.

Fourth, a sanction less drastic than dismissal will not be effective. In light of Plaintiff's history of dilatory behavior, last-minute requests, drawing out these proceedings, and absolute refusal to proceed with a trial before the assigned judge in the Bankruptcy Court, dismissal is the

8

only effective sanction. Moreover, only a dismissal of this matter can remedy the prejudice to Defendants, inconvenience to the parties involved, disruption in the Bankruptcy Court's administration, and waste of judicial resources. The fourth factor also weighs in favor of Defendants.

Plaintiff has failed to prosecute her case after she was afforded a reasonable opportunity to proceed on the merits. Weighing the public policy of deciding cases on their merits against the Plaintiff's delay, disruption, and disregard for the processes of the Bankruptcy Court, and based on the facts of this case, dismissal pursuant to Rule 41 is warranted and Plaintiff's case against Defendants is hereby dismissed with prejudice.

**IT IS THEREFORE ORDERED THAT**,

1. Defendants' Motion to Dismiss for failure to prosecute is granted; and
2. The above-captioned adversary proceeding is dismissed *with prejudice* pursuant to Fed. R. Civ. P. 41(b).

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**04/29/2015**



US Bankruptcy Judge
District of South Carolina

Entered: 04/29/2015

9