# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, | C/A No. 10-01218-HB |
| Beverley D. Wilson, | Adv. Pro. No. 14-80054-HB |
| Debtor(s). | |
| Beverley D. Wilson, | Chapter 11 |
| Plaintiff(s), | **ORDER DENYING PLAINTIFF'S REQUEST PURSUANT TO RULE 8002(d)(1)(B) FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL** |
| v. | |
| Jason T. Moss<br>Moss and Associates PA, | |
| Defendant(s). | |

**THIS MATTER** is before the Court pursuant to *pro se* Plaintiff Beverley D. Wilson's *Motion and Memorandum for Request for Extension of Time to File Notice of Appeal* ("Motion").[1]  Plaintiff's Motion references the Court's orders entered on April 27, 2015,[2] and the order and judgment entered on April 29, 2015,[3] dismissing the above-captioned proceeding with prejudice for failure to prosecute.  Plaintiff's Motion is brief: after describing the events Plaintiff contends will be the basis for any appeal, the Motion asserts that Plaintiff's financial difficulties prevented her from filing a timely notice of appeal and from pursuing the appeal in other regards, including requesting and reviewing court transcripts and recordings

---

[1] ECF No. 120, filed May 26, 2015.
[2] Oral rulings were issued in Court on April 22, 2015, with Plaintiff present.  Written Orders were issued on April 27, 2015, as follows: Order Den. Mot. to Cont., ECF No. 107; Order Den. Oral Mot. for Jury Trial Made on the Day of Trial, ECF No. 108; Or. Den. Oral Mot. for Recus. Made on the Day of Trial, ECF No. 109.
[3] Or. Dismiss. Case with Prej. for Fail. to Prosec., ECF No. 110.

and reviewing legal statutes. Defendants filed an Objection to Plaintiff's Motion on June 2, 2015.[4]

Plaintiff did not file a notice of appeal before the expiration of the applicable deadline. Rule 8002 provides that a party shall file a notice of appeal within 14 days of the entry of the relevant order. Fed. R. Bankr. P. 8002(a)(1). Rule 8003 provides that a notice of appeal must "conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 8003(a)(3)(A). The appropriate Official Form is Official Form 17A, titled Notice of Appeal and Statement of Election. This Official Form is simple: it consists of two pages and asks the filing party to state the appellant's position in the adversary proceeding (i.e., plaintiff or defendant), the judgment, order, or decree appealed from and its entry date, and the other parties to the appeal. Pursuant to Rule 8003, the notice of appeal must "be accompanied by the prescribed fee." Fed. R. Bankr. P. 8003(a)(3)(C). The prescribed fee for an appeal is $298.00.

If a party needs additional time, Rule 8002 allows an extension by motion filed before the expiration of the 14-day period. Fed. R. Bankr. P. 8002(d)(1)(A). Plaintiff failed to request an extension within that time frame. After that time, the only possible relief available to Plaintiff is found in Rule 8002(d)(1)(B). Pursuant to that subsection, the Court may grant a motion to extend that is filed within 21 days after the expiration of the 14-day period *only* if the movant shows excusable neglect. Fed. R. Bankr. P. 8002(d)((1)(B).[5]

Under Rule 8002(d)(1)(B), the party seeking the extension of time must show that the failure to file a timely appeal was the product of "excusable neglect." *In re Bayer*, 527 B.R. 202, 207 (Bankr. E.D. Pa. 2015) (citations omitted). "Excusable neglect" is not defined by

---

[4] Defs.' Obj. to Pl.'s Mot. for Ext. of Time to File Not. of Appeal, ECF No. 122.
[5] Plaintiff's Motion cites Federal Rule of Bankruptcy Procedure 8002(d)(1)(B) as authority for her extension request.

2

the Bankruptcy Code or Rules. In *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489 (1993), the Supreme Court set forth a two-step process for determining whether excusable neglect exists.[6] First, the Court must find that the failure to comply with the deadline was a result of neglect. Second, the Court must determine that the neglect is excusable. *Id.* at 388, 113 S. Ct. at 1494–95.

Neglect "encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388, 113 S. Ct. at 1495. Plaintiff made no filings within the requisite appeal period and her Motion offers no excuse. While she references her review and research and financial difficulties that may prevent her from perfecting and completing an appeal, the Motion does not adequately explain—and the Court is unable to discern—***why*** Plaintiff was unable to take the initial, minimal step of simply filing a notice of appeal within the 14-day deadline. The Court, therefore, cannot determine whether her failure to abide by the deadline was intentional or a result of neglect.

Assuming the Court could find neglect in Plaintiff's failure to meet the deadline, she must show that the neglect is ***excusable*** as Rule 8002(d)(1)(B) requires. Excusable neglect is a context-specific, equitable concept that requires consideration of all relevant circumstances including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395, 113 S. Ct. at 1498 (concluding that the determination of whether neglect is

---

[6] Although *Pioneer* involved the issue of whether a late filed proof of claim in a Chapter 11 case should be permitted based upon "excusable neglect" as used in Fed. R. Bankr. P. 9006, the Fourth Circuit has routinely relied on the two-prong test set forth in *Pioneer* when determining whether a showing of excusable neglect has been made in the context of an untimely filed notice of appeal under Fed. R. Bankr. P. 8002. *See e.g.*, *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996).

excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.").

"All of the factors do not need to favor the moving party. 'Instead, courts are to look for a synergy of several factors that conspire to push the analysis one way or the other.'" *In re Malone*, C/A No. 10-02470-hb, slip op. at 5 (Bankr. D.S.C. Sept. 28, 2011) (quoting *In re 50-Off Stores, Inc.*, 220 B.R. 897, 901 (Bankr. W.D. Tex. 1998)). However, "[w]hen deciding whether excusable neglect is present, numerous courts emphasize 'the reason for the delay' factor." *Id.* (citing *In re BI-LO*, C/A No. 09-02140-hb, slip op. at 14 (Bankr. D.S.C. Feb. 2, 2010); *In re Spiegel, Inc.*, 385 B.R. 35, 40 (S.D.N.Y. 2008) ("However, as the first two factors will almost always favor the non-movant, and the fourth is rarely at issue, courts focus on the third factor.")); *In re Kaplan*, 482 F. App'x 704, 707 (3d Cir. 2012) ("notwithstanding the four-factor test, courts often focus on the third factor, and 'the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule and . . . where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.'") (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)); *In re Am. Classic Voyages Co.*, 405 F.3d 127, 133–34 (3d Cir. 2005) (noting that "[a]ll factors must be considered and balanced; no one factor trumps the others," but relying "primarily on the third *Pioneer* factor . . . [because] the delay in this case was entirely avoidable and within [the movant's] control."); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000) ("The four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import.").

With regard to the first factor, Defendants will logically be prejudiced if Plaintiff is allowed to file an appeal after the applicable deadline has passed and the relevant orders are

final. Granting the extension and reviving Plaintiff's appeal rights would result in additional expenses and a substantial delay in concluding this matter. *In re Kirkbride*, C/A No. 08-00120-8-JRL, 2009 WL 3247837, at *2 (Bankr. E.D.N.C. Oct. 1, 2009). Conversely, although granting the Plaintiffs' motion may impede the conclusion of this matter and increase Defendants' expenses, those costs are inherent in defending an otherwise timely appeal. *In re Funkhouser*, C/A No. 09-1297, 2014 WL 1419213, at *2 (Bankr. N.D. W.Va. Apr. 14, 2014); *see also In re Enron Corp.*, 364 B.R. 482, 486–87 (S.D.N.Y. 2007) ("the relevant prejudice is not the prejudice resulting from an appeal being filed, but rather the added prejudice from the late filing of the appeal."). Therefore, the danger of prejudice to Defendants is not inordinate and this factor favors a finding of excusable neglect.

Allowing Plaintiff to file a notice of appeal after expiration of the deadline would without question impact these proceedings by continuing litigation on a matter that has concluded. *Kirkbride*, 2009 WL 3247837, at *2. However, delay of the finality of these proceedings is also inherent in an otherwise timely appeal. Additionally, the Motion was filed within 21 days of the passage of the notice of appeal deadline; thus, Rule 8002(d)(1)(B) strongly suggests there was no substantial delay in the filing of the Motion. *See Bayer*, 527 B.R. at 210. Therefore, this factor also favors a finding of excusable neglect.

However, Plaintiff's Motion does not adequately explain her failure to file a notice of appeal or an extension request within the 14 days provided by Rule 8002. While Plaintiff mentions financial difficulties and necessary review and research in pursuing the appeal as a whole, she does not explain why she could not or did not take the first step to preserve her rights by filing the notice of appeal in a timely fashion. Therefore, the Court cannot determine

5

a just reason for the delay or find that the delay was beyond Plaintiff's reasonable control.[7] This factor, which courts agree is the pivotal factor,[8] weighs heavily against a finding of excusable neglect.

In reaching this conclusion, the Court reviewed a multitude of cases and reasons for delay. *See Matter of Crystal Oil Co.*, 158 F.3d 291, 298 (5th Cir. 1998) (finding that the bankruptcy court correctly determined that lack of funds as the movant's reason for delay was unconvincing to find excusable neglect to allow a late filed claim); *In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993) (finding that Debtor did not establish excusable neglect despite Debtor's argument that counsel was experiencing financial pressures beyond his control, counsel had relocated to Nebraska, and the staff in counsel's office was reduced); *Kemper v. St. Louis Cnty.*, No. 4:08-CV-769 (CEJ), 2009 WL 912118, at *1 (E.D. Mo. Mar. 31, 2009) (applying the *Pioneer* factors under Fed. R. App. P. 4(a)(5)(A) to find that Plaintiff did not demonstrate sufficient grounds for her failure to file a timely notice of appeal because "plaintiff provides no additional reasons for her failure to file a timely notice of appeal besides her financial hardship"); *see also In re Pollak*, 223 F. App'x 309, 310 (5th Cir. 2007) (failing to find excusable neglect even though movant's attorney gave him the impression that he could file an appeal within 20 to 30 days of the judgment and he had to seek other counsel for an appeal because movant was informed during the deadline that time was of the essence and he knew he needed to file an appeal within a specific time, but did not seek to determine what that time frame was); *In re Netversant Solutions, Inc.*, 426 B.R. 503, 509 (Bankr. D. Del. 2010) (excusable neglect not found when counsel failed to respond because he did not have

---

[7] A party who is unable to pay a filing fee may make a request to proceed *in forma pauperis* (without full payment of fees). *See* 28 U.S.C. § 1915. However, Plaintiff made no such request.
[8] *See supra* at 4.

client authority to act before the deadline); *In re Coleman*, C/A No. 06-00254, 2009 WL 2882955, at *4 (Bankr. D.D.C. July 15, 2009) ("Most of the federal courts of appeals that have addressed the issue have held that failure to comply with a deadline cannot be treated as excusable neglect when the failure arose from a misunderstanding of a rule that sets forth the deadline in unambiguous terms.") (citing numerous cases)).  After this review, the Court is convinced that excusable neglect has not been shown here and the Motion should be denied as a result of the weight of the third factor alone. *See Bayer*, 527 B.R. at 210 (denying the motion for extension to file a notice of appeal even though the other three factors weighed in favor of a finding of excusable neglect because the "reason for the delay" factor outweighed those considerations).

Regarding the final factor, Plaintiff bears the burden of establishing good faith.  She did not address this factor in her Motion and there is nothing in the record to sustain Plaintiff's burden.  As indicated in the Orders of this Court referenced in Plaintiff's Motion, Plaintiff has acted in a dilatory manner and has failed to meet applicable deadlines throughout this adversary proceeding.[9] *See Enron Corp.*, 364 B.R. at 488 (acknowledging that the bankruptcy court's finding that a "general disregard for both the procedural and fundamental issues raised in this matter" as "general evidence of bad faith in prosecuting a claim is not specifically one of the *Pioneer* factors, [but] it is surely some evidence of bad faith on the appeal."). Therefore, this factor weighs against a finding of excusable neglect.

---

[9] *See* Or. Dismiss. Case with Prej. for Fail. to Prosec., 3–4, at ¶ 16, Apr. 29, 2015, ECF No. 110 (referring to various examples where Plaintiff requested extensions of time and failed to meet applicable deadlines); Order Den. Mot. to Cont., Apr. 27, 2015, ECF No. 107; Order Den. Oral Mot. for Jury Trial Made on the Day of Trial, Apr. 27, 2015, ECF No. 108; Or. Den. Oral Mot. for Recus. Made on the Day of Trial, Apr. 27, 2015, ECF No. 109.

In conclusion, the Court finds Plaintiff has failed to establish that relief pursuant to Rule 8002(d)(1)(B) is warranted and the Court cannot find excusable neglect as the Rule requires. Accordingly, Plaintiff's Motion is denied.[10]

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**06/03/2015**



_____
US Bankruptcy Judge
District of South Carolina

Entered: 06/04/2015

---

[10] After this Motion was filed, Plaintiff filed a Notice of Appeal on June 1, 2015—the 21st day after expiration of the 14-day deadline for filing a notice of appeal of the April 27, 2015 orders and the 19th day after expiration of the 14-day deadline for filing a notice of appeal of the April 29, 2015 order—and paid the $298.00 filing fee. ECF No. 121. These filings will be processed by the Court as is required by rule or statute.